UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA J. FOSS, | )  Case No. 1:16CV1907 |
| | ) |
| Plaintiff, | ) |
| | )  JUDGE JOHN R. ADAMS |
| v. | )  MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| | ) |
| Defendant. | )  REPORT AND RECOMMENDATION |

Plaintiff Barbara J. Foss (hereinafter, "Foss" or "claimant") challenges the final decision of Defendant Commissioner of Social Security (hereinafter, "Commissioner"), denying her applications for  Disability Insurance Benefits ("DIB"), a Period of Disability ("POD"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I.  PROCEDURAL HISTORY

On October 23, 2012, Foss protectively filed applications for DIB, POD, and SSI benefits. (R. 10, PageID #: 67, 259-260.) Foss's applications were denied initially and upon reconsideration. (*Id.* at 158-164, 173-183, 118-137, 138-157.) Foss filed a written request for a

hearing before an administrative law judge ("the ALJ"). (*Id.* at 185.) The ALJ convened a hearing on November 6, 2014, to hear Foss's case. (*Id.* at 78-110.) Foss appeared at the hearing, was represented by counsel, and testified. (*Id.* at 80.) A vocational expert ("VE") attended the hearing and provided testimony. (*Id.* at 80, 100-109.)

On January 13, 2015, the ALJ issued his decision, applying the standard five-step sequential analysis to determine whether Foss was disabled. (R. 10, PageID #: 67-73; *see generally* 20 C.F.R. §§ 404.1520(a), 416.920(a).) Based on his review, the ALJ concluded Foss was not disabled. (R. 10, PageID #: 67, 73.) The Appeals Council denied Foss's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 56-58.) Foss now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The parties have completed briefing in this case. Foss briefs several issues for review:

> [1.] Did the ALJ fail to find that the Plaintiff's visual impairments, bursitis of right hip and/or clubbing of fingers were severe impairments at Step 2?
>
> [2.] Was the ALJ's evaluation of Plaintiff's obesity contrary to law and/or not based upon substantial evidence?
>
> [3.] Was the ALJ's RFC finding contrary to law and/or not based upon substantial evidence?
>
> [4.] Was the ALJ's Step 4 finding contrary to law and/or not based upon substantial evidence?

(R. 11, PageID #: 411-412.)

## II. PERSONAL BACKGROUND INFORMATION

Foss was born on April 16, 1959, and was 53 years old as of her alleged disability onset date. (R. 10, PageID #: 259, 218, 225.) She completed twelfth grade, and is able to communicate

in English. (*Id.* at 265, 263.) She has past relevant work as a sales clerk and a home health aide. (*Id.* at 265, 101, 73.)

## III.  RELEVANT MEDICAL EVIDENCE[1]

Disputed issues will be discussed as they arise in Foss's brief alleging errors by the ALJ. Foss applied for DIB, POD, and SSI benefits on October 23, 2012. (R. 10, PageID #: 67, 259-260.) Foss listed her physical or mental conditions that limit her ability to work as "COPD [chronic obstructive pulmonary disease]; [emphysema]; arthritis- swelling/weakness hands." (*Id.* at 264.) At issue in the claimant's brief are her obesity, visual impairments, bursitis of right hip and clubbing of her fingers. *See generally* R. 11.

The claimant had a consultative physical exam with Dr. Khalid Darr on March 14, 2013. (R. 10, PageID #: 322-325.) At the exam, Foss weighed 231 pounds, and measured five feet, five inches. The doctor noted that Foss walked with a normal gait, and did not require the use of a cane. (*Id.* at 323.) The claimant's grip strength was normal, and she was able to write and pick up coins. (*Id.* at 324.) Dr. Darr diagnosed claimant with COPD, and clubbing of the fingers, etiology undetermined. Her functions of reaching, handling, and fine and gross movements were intact. Foss is able to sit, stand, carry and lift 20 to 50 pounds frequently, and over 50 pounds occasionally. (*Id.* at 324.)

Rannie Amiri, M.D., reviewed the medical records on April 25, 2013, and noted that Foss had been diagnosed with COPD. (R. 10, PageID #: 130.) Dr. Amiri noted her obesity, observed that she had clubbing of the fingers, but normal grip strength in her hands, with normal

---

[1] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

manipulative abilities, and no treatment history for COPD. (*Id.* at 132.) Dr. Amiri noted that her pulmonary function exam showed only mild obstruction. (*Id.* at 132, *see also* PageID #: 335.) Postural limitations, due to her obesity and COPD, were limited to frequent climbing of ladders, ropes, and scaffolds, and frequent crawling, but otherwise unlimited. There were no manipulative limitations found. (*Id.* at 132.)

Leanne M. Bertani, M.D., reviewed the medical records on reconsideration on July 28, 2013, and noted that Foss had been diagnosed with COPD, with obesity as a secondary impairment. (R. 10, PageID #: 151.) Postural limitations, due to her obesity and COPD, were modified to frequent climbing of ramps and stairs, and occasional climbing of ladders, ropes, and scaffolds. There were no manipulative limitations found. (*Id.* at 151-152.)

On August 30, 2013, the claimant reported to her treating physician, Mushtaq Mahmood, M.D., that her visit to the ER was prompted by chronic backache. The doctor noted mild tenderness at her right hip joint. He ordered an MRI of the hip joint and her back. (R. 10, PageID #: 355.) Her weight was 232 pounds, with a BMI of 39.61. (*Id.* at 356.)

The subsequent MRI of the right hip, done on September 12, 2013, showed "Mild right greater trochanteric bursitis." (R. 10, PageID #: 359.) The MRI of the back showed L4-5 right subarticular disc herniation, with some nerve compression, and at L5-S1, right foraminal stenosis. (*Id.* at 362.)

The claimant had an appointment with Dr. Mahmood to review the MRIs on September 30, 2013, where she mentioned that she had noticed a change in her fingernails, with more pronounced clubbing. (R. 10, PageID #: 352.) Her weight was 229 pounds, with a BMI of 39.09. (*Id.* at 353.)

The claimant visited Dr. Mahmood for a follow-up on her hip pain on March 3, 2014. Foss reported increased depression, and the doctor prescribed an anti-anxiety drug. He also recommended she see an orthopedist. (R. 10, PageID #: 347.)

Foss reported to the ER at University Hospitals-Amherst on October 10, 2014, complaining of a weeklong moderate cough and moderate congestion. (R. 10, PageID #: 364-365.) A chest X-ray was ordered, which showed "underlying chronic pulmonary obstruction, no acute, active disease." (*Id.* at 367, 379, 368-369.)

At an October 13, 2014, visit with Dr. Mahmood, the claimant reported that she had visited the ER for "acute shortness of breath." At the October 13 visit, however, she had no chest congestion or shortness of breath. (R. 10, PageID #: 341.) Her weight was 219 pounds, with a BMI of 37.59. (*Id.* at 342.)

Laura M. Chonko, O.D., a treating source, wrote an opinion concerning claimant's vision on October 22, 2014. She noted that claimant's most recent eye exam was "approximately 3 years ago." (R. 10, PageID #: 340.) Dr. Chonko stated that Foss had cataracts in both eyes, but stated that a stronger prescription would substantially correct her vision to near normal. She had recommended that Foss consult a cataract surgeon for evaluation and possible cataract surgery, which would likely result in her vision being correctable to 20/20. (*Id.* at 340.)

## IV.  TESTIMONY OF VOCATIONAL EXPERT

At the hearing, the VE provided testimony. (R. 10, PageID #: 80, 100-109.) The VE determined that Foss had past relevant work as a sales clerk, DOT number 290.477-014, SVP 3, light level, but as performed medium; and home health aide, DOT 354.377-014, SVP 3, medium level. (*Id.* at 101.)

5

The ALJ posed a hypothetical question concerning an individual of Foss's age, education, and vocational background, who can work at the light level, with some limitations. The person could only frequently climb ramps and stairs, and cannot climb ladders, ropes, or scaffolds. The person would need to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The hypothetical individual is limited to frequent fine and gross manipulation, that is, fingering and handling. (R. 10, PageID #: 103-104.) The hypothetical question posed was whether such a hypothetical individual would be able to perform any of the claimant's past work. (*Id.* at 104.)

The VE responded that such a person would be able to perform only the position of sales clerk. The answer remained the same when the ALJ modified the hypothetical to medium work, and included the identical limitations. (R. 10, PageID #: 104.)

Counsel for the claimant modified the first hypothetical, to change the frequent fine and gross manipulation aspect to occasional fine and gross manipulation. The VE responded that, under the modified (second) hypothetical, the person would not be able to perform the sales clerk position. (R. 10, PageID #: 105.)

The ALJ next asked whether there were jobs that such a person (under the second hypothetical) could perform? The VE responded that there would be, and provided examples. The pertinent jobs included a ticket seller, DOT number 211.467-010, SVP 2, light level, which has 1,100,000 positions in the national economy, and 40,000 in the state. Another position would be a furniture retail clerk, DOT 295.357-018, SVP 2, light level, approximately 140,000 positions in the national economy, and 5,500 in the state. (R. 10, PageID #: 106.)

Counsel for the claimant then returned to the first hypothetical, and asked the VE if it would make any difference if the person would simply need to avoid moderate exposure to fumes, odors, and the other pulmonary irritants. The VE responded that it would not make any difference. (R. 10, PageID #: 106-107.)

## V. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in his March 24, 2015, decision:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

2. The claimant has not engaged in substantial gainful activity since April 15, 2012, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), degenerative disc disease of the lumbar spine, and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with frequent climbing of ramps and stairs, but no ladders, ropes or scaffolds, must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, and the claimant is limited to frequent fine and gross handling and fingering.

6. The claimant is capable of performing past relevant work as a sales clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2012, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

## VI.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. §§ 404.1505(a), 416.905(a)

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).
>
> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson  v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004); *see also* 20 C.F.R. § 416.920(a)(4).

## VII.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Comm'r of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, that determination must be affirmed. *Wright*, 321 F.3d at 614; *Kirk*, 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Wright*, 321 F.3d at 614; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). However, the court may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## VIII.  ANALYSIS

Foss raises several issues for review:

[1.]  Did the ALJ fail to find that the Plaintiff's visual impairments, bursitis of right hip and/or clubbing of fingers were severe impairments at Step 2?

[2.]  Was the ALJ's evaluation of Plaintiff's obesity contrary to law and/or not based upon substantial evidence?

[3.]  Was the ALJ's RFC finding contrary to law and/or not based upon substantial evidence?

[4.] Was the ALJ's Step 4 finding contrary to law and/or not based upon substantial evidence?

(R. 11, PageID #: 411-412.)

### A.  Severe Impairments at Step Two

Foss claims that the ALJ failed to find that her visual impairments, bursitis of right hip, and clubbing of fingers were severe impairments. The claimant argues, "these alleged non-severe impairments are based on medical evidence and Plaintiff's testimony," and are not "totally groundless claims." (R. 11, PageID #: 417-418.) She contends the ALJ's severity finding must be reversed. Foss's argument, however, is conclusory and lacks any supporting citations to the medical record that would indicate the ALJ's finding was unsupported by substantial evidence.

It is the claimant's burden to prove that she is disabled within the meaning of the Act, and to establish that her impairments render her unable to engage in any substantial gainful activity. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); 42 U.S.C. § 423(d)(5)(A). At the second step, the claimant has the burden to show that she suffers from a severe medically determinable physical or mental impairment. *Walters*, 127 F.3d at 529; 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe

impairment is defined in the negative: "A nonsevere impairment is defined by the regulations as one that does not significantly limit the claimant's ability to do basic work activities." *Farris v. Secretary, HHS*, 773 F.2d 85, 88-89 (6th Cir. 1985); *see also McKitrick v. Commissioner*, No. 5:10CV2623, 2011 WL 6939330, at *11 (N.D. Ohio Dec. 30, 2011). An impairment can be considered not severe "if the impairment is a 'slight abnormality' which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Staten v. Astrue*, No. 1:10CV864, 2011 WL 6950930, at *2 (S.D. Ohio Oct. 4, 2011), *adopted by* 2012 WL 12699 (S.D. Ohio Jan. 4, 2012).

Although the ALJ must consider the impact of all impairments on a claimant's abilities, the threshold dismissal of any claims lacking obvious medical merit is permissible. *McKitrick*, 2011 WL 6939330, at *11. In addition, an ALJ's alleged failure to find a severe impairment at step two of the analysis may not constitute reversible error where the ALJ determines that a claimant has at least one severe impairment and performs an analysis through the remaining steps of the disability evaluation. *Winn v. Commissioner*, No. 14-3499, 2015 WL 3702032, at *10 (6th Cir. June 15, 2015) (citing *Maziarz v. Secretary, HHS*, 837 F.2d 240, 244 (6th Cir. 1987)); *Fisk v. Astrue*, No. 06-4677, 2007 WL 3325869, at *4 (6th Cir. Nov. 9, 2007). The Sixth Circuit has stated, "[t]his rule is predicated on the notion that the ALJ 'properly could consider claimant's [non-severe impairments] in determining whether claimant retained sufficient residual functional capacity to allow [her] to perform substantial gainful activity.'" *Winn*, 2015 WL 3702032, at *10 (quoting *Maziarz,* 837 F.2d at 244).

Here, the ALJ did not deny Foss's claim for benefits at Step Two. Rather, the ALJ determined that Foss had the severe impairments of COPD, degenerative disc disease of the

lumbar spine, and obesity, and continued with the remaining steps of the disability analysis. (R. 10, PageID #: 70.) The ALJ's decision indicates that he considered all of claimant's impairments, including her non-severe impairments, when assessing her residual functional capacity. (R. 10, PageID #: 71-72; *see generally Fisk*, 2007 WL 3325869, at *4; *Maziarz*, 837 F.2d at 244.) Foss's argument, therefore, is unavailing.

Moreover, Foss's argument fails if there is substantial evidence in the record supporting the ALJ's decision that the claimant's visual impairments, bursitis of right hip, or clubbing of fingers were not severe impairments. *See McKitrick*, 2011 WL 6939330, at *11. Although the ALJ recognized that Foss had cataracts in both eyes, and trochanteric bursitis, he determined that the evidence established "these are non-severe impairments because they would have no more than a minimal effect on the claimant's ability to perform basic work activities." (R. 10, PageID #: 69-70.) The ALJ relied upon record evidence indicating that Dr. Chonko examined Foss and provided her with a stronger eye glasses prescription that substantially corrected Foss's vision to near normal. (R. 10, PageID #: 70, citing PageID #: 340.) Dr. Chonko also recommended that Foss consult a surgeon for evaluation and possible cataract surgery, which would likely result in her vision being correctable to 20/20. (*Id.*) In addition, the ALJ noted that Foss's right hip pain was diagnosed as bursitis, which following a September 2013 MRI of the right hip was "described as mild." (R. 10, PageID #: 70, citing PageID #: 389, 359.)

Further, as the Commissioner notes, none of the state reviewing physicians opined that bursitis, eye impairments, or clubbing of the fingers were severe impairments. (R. 13, PageID #: 433, citing R. 10, PageID #: 121 (COPD); 130 (COPD); 142 (COPD, obesity); and, 151 (COPD, obesity).) The claimant has not met her burden to point to any evidence showing that she suffers

from a severe medically determinable impairment from bursitis, eye impairments, or clubbing of the fingers. (R. 11, PageID #: 417-418.) *See generally Staten*, 2011 WL 6950930, at *2; *Hicks v. Secretary, HHS*, 798 F.2d 469, 1986 WL 17216, at *2 (6th Cir. 1986) (per curiam) (TABLE, text in WESTLAW) (doctors noted impairments but did not state claimant incapacitated).

The court finds that the ALJ's conclusions that the claimant's bursitis, eye impairments, or clubbing of the fingers were not severe impairments are supported by substantial evidence in the record.

### B.  Obesity

The claimant contends that the ALJ's evaluation of her obesity was contrary to law and not based on substantial evidence. She argues that the ALJ's Step 3 analysis did not meaningfully consider obesity in accordance with the *Shilo* standard and SSR 02-1p, and failed to consider the additional and cumulative effects of her obesity. (R. 11, PageID #: 418-420, citing *Shilo v. Commissioner*, No. 14-3417, 2015 WL 349031, at *3 (6th Cir. Jan. 28, 2015).)

At the third step, the claimant has the burden to show that her impairment(s) meet(s) or medically equal(s) one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Walters*, 127 F.3d at 529; 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Regarding a Step 3 analysis involving obesity, Social Security Ruling 02–01p provides, in part,

> . . . obesity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments. It may also be true for other coexisting or related impairments, including mental disorders.

SSR 02-1P, 2002 WL 34686281, at *5. The Ruling also states:

> . . . we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another

impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

SSR 02-1P, 2002 WL 34686281, at *6.

SSR 02-1p directs an ALJ to consider the claimant's obesity, in combination with other impairments, throughout the sequential evaluation. *Miller v. Commissioner*, 811 F.3d 825, 835 (6th Cir. 2016); *Shilo*, 2015 WL 349031, at *3. As the Sixth Circuit stated in *Bledsoe v. Barnhart*, "Social Security Ruling 02–01p does not mandate a particular mode of analysis. It only states that obesity, in combination with other impairments, 'may' increase the severity of the other limitations." *Bledsoe v. Barnhart*, No. 04-4531, 2006 WL 229795, at *3 (6th Cir. Jan. 31, 2006). The Sixth Circuit, in *Shilo*, stated obesity must be considered throughout the ALJ's determinations "including when assessing an individual's residual functional capacity," precisely because "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Shilo*, 2015 WL 349031, at *3 (quoting SSR 02–1p, 2002 WL 34686281, at *1).

An ALJ satisfies the SSR's requirement to consider a claimant's obesity when the ALJ credits RFCs from physicians who accounted for the claimant's obesity. *Miller*, 811 F.3d at 835 (citing *Coldiron v. Commissioner*, No. 09-4071, 2010 WL 3199693, at *8 (6th Cir. Aug. 12, 2010)). The *Coldiron* case is instructive. The court, in *Coldiron*, determined that, by utilizing the medical opinions in the record which discussed the claimant's obesity, the ALJ satisfactorily "incorporated the effect that obesity has on the claimant's ability to work into the RFC he constructed." *Coldiron*, 2010 WL 3199693, at *7 (citing *Bledsoe*, and *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)).

In the present case, numerous medical sources, including the agency reviewing physicians, recognized Foss's obese weight, and the ALJ recognized claimant's obesity in his decision. (R. 10, PageID #: 70, 72, citing PageID #: 323, 342, 353.) The ALJ incorporated in the RFC opinions from physicians who explicitly accounted for the claimant's obesity. (R. 10, PageID #: 72) *See, e.g., Miller*, 811 F.3d at 835 (citing *Coldiron*, 2010 WL 3199693, at *8).) However, none of the medical sources opined that Foss had significant limitations greater than those in the RFC finding. *See, e.g.*, R. 10, PageID #: 123, 133 (obesity-related postural limitations), and 72 (incorporating those postural limitations into RFC). Thus, the ALJ properly evaluated Foss's case based on the medical information in the record, in accordance with SSR 02-1p. *See* SSR 02-1p, 2002 WL 34686281, at *6.

Moreover, the plaintiff bears the burden of proof at Step Three. *Walters*, 127 F.3d at 529. Foss "had the burden of showing specifically how [her] obesity, in combination with other impairments, limited [her] ability to a degree inconsistent with the ALJ's RFC determination." *Wagner v. Commissioner*, No. 1:15CV0558, 2016 WL 2585797, at *6 (W.D. Mich. May 5, 2016). Foss fails to point to specific evidence to satisfy her burden. *See generally* R. 11, PageID #: 419-420.

Foss does contend that the ALJ did not cite certain BMI listings which are consistent with obesity. (R. 11, PageID #: 419.) The argument is unavailing, because as discussed above, the ALJ did consider the claimant's obesity, determining "the record does not support a finding that the claimant's combination of impairments, including obesity, meets or medically equals the criteria of any other listed impairment." (R. 10, PageID #: 70). Further, the ALJ examined the entire record to determine the appropriate RFC, and the decision indicates he considered record

evidence relating to her obesity (*id.* at 72). Foss also argues that the ALJ failed to consider the effects of her obesity, for example, how it might impact her respiratory system. (R. 11, PageID #: 419-420.) She contends that the ALJ failed to consider "medically documented evidence of obesity and the cumulative effects of obesity" on her medical conditions. (R. 11, PageID #: 420.) Foss, however, provides the court with no medical evidence regarding the cumulative effects of her obesity that the ALJ failed to recognize or consider.

While Foss points to no medical evidence of the cumulative effects of her obesity, she implies that the ALJ should have reached certain medical conclusions on his own concerning this issue. Although SSR 02–01p states "obesity may increase the severity of coexisting or related impairments," SSR 02-1p, 2002 WL 34686281, at *5, the ALJ is directed not to "make assumptions about the severity or functional effects of obesity combined with other impairments." SSR 02-1p, 2002 WL 34686281, at *6. Rather, the ALJ evaluates the case based on the record evidence. Further to the point, it is impermissible for ALJs to "play doctor" and make their own independent medical findings. *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Bond v. Colvin*, No. 1:13CV101, 2014 WL 470843, at *6 (S.D. Ohio Feb. 6, 2014), *adopted by* 2014 WL 897154 (S.D. Ohio Mar. 6, 2014); *Woodruff v. Astrue*, No. 1:12CV1752, 2013 WL 821336, at *11 (N.D. Ohio Mar. 5, 2013) (citing *Simpson v. Commissioner*, No. 08-3651, 2009 WL 2628355, at *12 (6th Cir. Aug. 27, 2009)); *Reed v. Secretary, HHS*, 804 F. Supp. 914, 919 (E.D. Mich. 1992).

The court finds that the ALJ's determination that the claimant's obesity was a non-severe impairment is supported by substantial evidence in the record.

<u>C. RFC Finding</u>

Foss contends that the ALJ's RFC is either contrary to law or not based upon substantial evidence. (R. 11, PageID #: 420.) This argument is based on four theories. Foss initially states that the ALJ must explain the weight given to all acceptable medical sources, and may not take a "smorgasbord approach" by piecing together the opinions of various physicians to arrive at the RFC. After setting forth these general principles, however, Foss simply states: "Therefore, the ALJ failed to comply with this legal standard." (R. 11, PageID #: 420-421.) Foss's brief presents no evidence or argument supporting this conclusory statement, and the court rejects it. *See. e.g.*, *Kennedy v. Commissioner*, No. 03-1276, 2003 WL 23140056, at \*1 (6th Cir. Dec. 12, 2003) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied,* 523 U.S. 1050 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant). The *McPherson* court aptly stated: "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson*, 125 F.3d at 995-996 (internal citations omitted).

Foss further argues that the ALJ's decision was not based upon substantial evidence. She argues that the ALJ relied on the opinions of non-examining agency physicians and a non-treating consultant dating from March 2013 and earlier, which pre-date "71 pages of medical records from treating sources." (R. 11, PageID #: 421.) She claims that reliance on the opinions

17

of physicians who did not take into consideration this later evidence violates the substantial evidence test. (*Id.*)

Where the ALJ relies on the opinions of non-examining sources, who did not have access to later medical evidence, the Sixth Circuit requires "some indication" that the ALJ considered the later information before giving weight to an opinion that is not based on a review of the complete case record. *Blakley*, 581 F.3d at 409 (quoting *Fisk*, 2007 WL 3325869, at *6.) Foss cites three records which she deems material: Dr. Chonko's October 22, 2014 report; the September 12, 2013, MRI; and the October 10, 2014, X-ray. (R. 11, PageID #: 421, citing R. 10, PageID #: 340, 362, 368, 379.) The ALJ's decision, however, indicates that he considered all three of these records. *See* R. 10, PageID #: 70 (Chonko), 70 (MRI), and 71 (X-ray). Thus, the ALJ properly considered the later information before giving weight to the opinions of the non-examining sources. *Blakley*, 581 F.3d at 409.

The third and fourth argument suffer from the same fatal flaws, they lack any reference to record. Foss argues that the ALJ's decision was contrary to law, because the ALJ failed to weigh the non-treating source opinions by the factors in 20 C.F.R. § 404.1527(c). Foss asserts that failure to follow agency rules and regulations denotes a lack of substantial evidence. (R. 11, PageID #: 422, citing *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).) This is a conclusory argument, without reference to those portions of the ALJ's decision that the claimant alleges are faulty. The claimant further argues that the ALJ "cannot speculate as to the seriousness of a condition." (R. 11, PageID #: 422, citing cases.) As a general matter, the court agrees. Once again, however, Foss's legal proposition is not connected to any argument identifying the portion of the ALJ's decision she contends contains such improper speculation. It is not sufficient for a

party to simply assert conclusory error claims, leaving the court to scour the record for evidence supporting the claim. The court, therefore, rejects plaintiff's unsupported arguments. *See, e.g.*, *Kennedy*, 2003 WL 23140056, at *1 (rejecting perfunctory argument) *McPherson*, 125 F.3d at 995-996 (same); *McClellan*, 804 F. Supp.2d at 688 (same).

The court finds that the ALJ's RFC determination is supported by substantial evidence in the record.

## D.  Step Four Finding

Foss final argument claims the ALJ's Step 4 finding is either contrary to law or not based upon substantial evidence. She contends that the ALJ's finding – that she could perform past relevant work as a sales clerk – was deficient because the ALJ did not make the specific factual findings required by SSR 82-62. (R. 11, PageID #: 422-423.) Plaintiff's brief cites case law that stands for the proposition that an ALJ errs by failing to make any finding regarding the physical and mental demands of a claimant's past relevant work ("PRW"). *Dealmeida v. Bowen*, 699 F. Supp. 806, 807 (N.D. Cal. 1988); *see also Small v. Califano*, 565 F.2d 797, 800 (1st Cir. 1977) (ALJ made no findings that claimant could return to PRW). The argument is deficient because, unlike the cases Plaintiff cited, the ALJ's decision complied with SSR 82-62 when making his Step Four determination.

In pertinent part, SSR 82-62 provides that, when determining that a claimant has the capacity to perform PRW, "the ALJ's findings must contain: (1) a finding as to the claimant's RFC; (2) a finding as to the physical and mental demands of the past job; and (3) a finding that the claimant's RFC would permit her to return to her past job." *Whitney v. Commissioner*, No. 3:13CV1407, 2014 WL 3828286, at *13 (N.D. Ohio Aug. 4, 2014) (citing SSR 82-62, 1982 WL

19

31386, at *4). The ALJ analyzed the underlying record when determining Foss's RFC. (R. 10, PageID #: 70-73.) He further concluded that Foss was capable of performing PRW as a sales clerk, which does not require performance of work-related activities precluded by her RFC. (*Id.* at PageID #: 70-71, 73.) The ALJ's decision relied in part on testimony from the VE that claimant's PRW as a sales clerk is light semi-skilled work with an SVP of 3, but that Foss actually performed it as medium work. (R. 10, PageID #: 73; *see also* PageID #: 101, 103-104 (VE testimony on PRW).) The ALJ's decision further adopted the VE's testimony, when he determined in "comparing the claimant's residual functional capacity with the physical and mental demands of her past relevant work, the vocational expert…testified that the claimant could perform her past relevant work as a sales clerk as actually and generally performed." (R. 10, PageID #: 73.) In addition, the reviewing physicians also opined that claimant could perform her PRW. (R. 10, PageID #: 134, 154, 72.)

Although Foss disagree with the ALJ's step four determination, the foregoing indicates that the ALJ made the requisite step four findings in accordance with SSR 82-62. The court finds the ALJ's determination is not contrary to law, and is supported by substantial evidence in the record.

## IX. CONCLUSION

For the foregoing reasons, the court finds that the decision of the Commissioner is supported by substantial evidence. The record evidence as discussed in the ALJ's decision is such that "a reasonable mind might accept [it] as adequate" support for the Commissioner's final

benefits determination. *See Kirk*, 667 F.2d at 535 (quoting *Richardson*, 402 U.S. at 401). The undersigned, therefore, recommends that the decision of the Commissioner be **AFFIRMED**.


s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge


Date: June 20, 2017

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).